# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

ROBERT W. BIBLE, SR.

           Debtor

Case No.  06-30170

JOE WEBB

           Plaintiff

    v.

ROBERT W. BIBLE, SR.
and FAYE CASSITY

           Defendants

Adv. Proc. No. 06-3083

## MEMORANDUM ON
## MOTIONS TO DISMISS COMPLAINT

**APPEARANCES:**    SCOTT D. HALL, ESQ.
                            105 E. Bruce Street
                            Sevierville, Tennessee  37862
                            Attorney for Plaintiff

                            LAW OFFICES OF MAYER & NEWTON
                            John P. Newton, Jr., Esq.
                            1111 Northshore Drive
                            Suite S-570
                            Knoxville, Tennessee  37919
                            Attorney for Defendants

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Objecting to Discharge (Complaint) filed by the Plaintiff, Joe Webb, on May 8, 2006, as amended by the Amended Complaint filed on July 5, 2006, seeking the following relief: (1) denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4), and/or (5) (2005); (2) a determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(6) (2005); (3) an order pursuant to 11 U.S.C. § 727(c)(2) (2005) directing the Chapter 7 trustee to examine the acts and conduct of the Debtor to determine if cause exists to deny discharge; and (4) an order setting aside fraudulent conveyances allegedly made by the Debtor to the Defendant, Faye Cassity (Ms. Cassity).

## I

On June 5, 2006, each Defendant filed a Motion to Dismiss Complaint (Motion to Dismiss) grounded upon the failure to state a claim upon which relief can be granted. In his Motion to Dismiss, the Debtor contends that although the Plaintiff has requested relief in the Complaint under the various subsections of § 727, he did not plead facts in support of his claims but, instead, only pled the statutory language of each subsection. In her Motion to Dismiss, Ms. Cassity also argued that the Complaint did not contain factual allegations to support the granting of any relief against her, especially in light of the fact that it primarily objects to the Debtor's discharge, and she is not in bankruptcy and not subject to the provisions of § 727.

In compliance with E.D. Tenn. LBR 7007-1, the Plaintiff filed a Response to Debtor's Motion to Dismiss Complaint and a Response to Cassity's Motion to Dismiss Complaint on June 23, 2006, arguing that the Complaint sufficiently contains "a short and plain statement of the claim

showing that the pleader is entitled to relief" against both Defendants as required by Rule 8 of the Federal Rules of Civil Procedure. Additionally, with respect to the Debtor's Motion to Dismiss, the Plaintiff's response details the actions and conduct which he believes constitute fraud by the Debtor. The Plaintiff filed briefs in support of his responses, pursuant to E.D. Tenn. LBR 7007-1, on June 26, 2006, and on June 27, 2006, the Plaintiff filed a Motion to Amend Complaint.

On June 28, 2006, the court entered an Order (1) denying the Plaintiff's Motion to Amend Complaint since a responsive pleading had not been filed, and the Plaintiff had the right to amend as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 7015 of the Federal Rules of Bankruptcy Procedure, and (2) deferred a ruling on the Motions to Dismiss for seven days to allow the Plaintiff to amend the Complaint. On July 5, 2006, the Plaintiff filed an Amended Complaint, expounding upon his objections to discharge under § 727(a)(2), (3), (4), and (5), and, for the first time, seeks a determination that the state court Judgment upon which his claim against the Debtor is based, arose out of a willful and malicious injury and is therefore nondischargeable under 11 U.S.C. § 523(a)(6) (2005).

## II

The Amended Complaint alleges that on November 7, 2005, the Plaintiff was awarded a Judgment against the Debtor in the amount of $231,379.74, that the debt underlying the judgment was long-standing, that during the course of the litigation pursued by the Plaintiff, the Debtor fraudulently conveyed assets in order to prevent execution thereon by the Plaintiff, and that Ms. Cassity was complicitous in the Debtor's actions. The Amended Complaint also contains specific

3

allegations and averments concerning various actions of the Debtor, including his failure to disclose an interest in a nursing home, the transfer of his interest in real property located in Sevier County, Tennessee, to Ms. Cassity, the assignment of his income to the detriment of his creditors, and the submission of a false Affidavit of Indigency in a state court matter.  The Plaintiff specifically asks the court to enter a judgment:  (1) denying the Debtor's discharge; (2) "order[ing] the Trustee to examine the acts and conduct of the Debtor to determine whether a ground exists for denial of discharge, pursuant to 11 U.S.C. § 727(c)(2)[;]" (3) setting aside "the fraudulent conveyances made to Defendant Cassity[;]" and (4) requesting that the Plaintiff be awarded attorney's fees.[1]

### III

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure).  When considering a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  All factual allegations are accepted as true, but the court is not required to accept legal conclusions or unwarranted factual inferences as true.  *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002).  Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342

---

[1] Notwithstanding the averments in the Amended Complaint that the state court Judgment is nondischargeable under § 523(a)(6), the Plaintiff's prayer for relief does not include a request for a determination that the Judgment is nondischargeable.

4

F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Additionally, a defendant may move to dismiss a complaint that does not meet the requirements set forth in the Federal Rules of Civil Procedure. Specifically, Rule 9(b) requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b) (made applicable to adversary proceedings pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure).

> In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud "with particularity," a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations. Indeed, Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony. *See, e.g., Credit & Finance Corp., Ltd. v. Warner & Swasey, Co.*, 638 F.2d 563, 566 (2d Cir. 1981). "Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1298, at 407 (1969).

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (footnote omitted).

"Averments of fraud must be stated with particularity[, and] the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted). Accordingly, in order "to satisfy Federal Rule [of Civil Procedure] 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)). Pursuant to Rule 8, these elements need only be pled "with a short and plain statement[;]" *Elder-Beerman Stores Corp.*, 222 B.R. at 312; however, "[t]he failure to identify specific parties, contracts, or fraudulent acts requires dismissal." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 564 (6th Cir. 2003). Moreover,

> [t]he more relaxed requirement of the second part of Rule 9(b), that state or condition of mind can be averred generally, must not be mistaken for a "license to base claims of fraud on speculation and conclusory allegations." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995). Accordingly, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Am. Express Travel Related Servs. Co., Inc. v. Henein*, 257 B.R. 702, 706 (E.D.N.Y. 2001).

*Master-Halco, Inc. v. Picard (In re Picard)*, 339 B.R. 542, 550 (Bankr. D. Conn. 2006). "[T]he bald assertion that a party violated a statute, unaccompanied by any description of the conduct that violated it - gives no notice of the claim, does not comply with Rule 8(a), and does not state a claim." *Mannheim Auto Fin. Servs., Inc. v. Park (In re Park)*, 314 B.R. 378, 385 (Bankr. N.D. Ill. 2004).

The Amended Complaint cites § 727(a)(2), (3), (4), and (5), along with § 727(c), as the statutory bases for objecting to the Debtor's discharge, and it cites § 523(a)(6) as the statutory basis for a determination that the Judgment is nondischargeable. Section 727(a) is liberally construed in favor of the debtor, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); FED. R. BANKR. P. 4005. Likewise, § 523(a) is construed strictly against the Plaintiff and liberally in favor of the Debtor. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998); *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003). The Amended Complaint also asks the court to set aside fraudulent transfers between the Debtor and Ms. Cassity, citing Tennessee Code Annotated section 29-12-101 et seq. and section 66-3-101 et seq.

## A

A debtor may be denied a discharge for transferring, removing, destroying, or concealing property with the intent to hinder, delay, or defraud creditors. 11 U.S.C. § 727(a)(2)(A). This subsection consists of the following elements: (1) the debtor's disposition of property, including transfer or concealment, within one year of filing his bankruptcy petition, and (2) the debtor's subjective intent to hinder, delay, or defraud creditors by disposing of his property. *Keeney*, 227 F.3d at 683-84 (citing *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997)); *see also Cuervo v. Snell (In re Snell)*, 240 B.R. 728, 730 (Bankr. S.D. Ohio 1999) (stating that a plaintiff need not prove the debtor intended to hinder, delay, and defraud creditors, since proof of any one satisfies § 727(a)(2)(A)).

Section 727(a)(2)(A) also requires proof of actual fraudulent intent; constructive fraud will not suffice. *E. Diversified Distrib., Inc. v. Matus (In re Matus)*, 303 B.R. 660, 672 (Bankr. N.D. Ga. 2004). Accordingly, in order to prevail under this subsection, a plaintiff must prove that the debtor actually intended to deceive; however, because of the inherent difficulties in proving intent, he may use circumstantial evidence, including evidence of the debtor's conduct, to establish intent. *Buckeye Retirement Co., L.L.C. v. Heil (In re Heil)*, 289 B.R. 897, 907 (Bankr. E.D. Tenn. 2003) (citing *Hunter v. Sowers (In re Sowers)*, 229 B.R. 151, 157 (Bankr. N.D. Ohio 1998)). Harm suffered by a plaintiff is irrelevant for the purposes of § 727(a)(2)(A). *Clean Cut Tree Serv. v. Costello (In re Costello)*, 299 B.R. 882, 894 (Bankr. N.D. Ill. 2003) (citing *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 968 (7th Cir. 1999)).

The Plaintiff avers that the Debtor has shielded and concealed his income and assigned it to Ms. Cassity in order to hinder or defraud his creditors. Taking the Plaintiff's allegations in a light most favorable to the Plaintiff, the court finds that the Amended Complaint does plead sufficient facts to withstand the Debtor's Motion to Dismiss, and it sufficiently provides the Debtor with "fair notice of the substance of [the] plaintiff's claim in order that the defendant may prepare a responsive pleading[,]" as required by Federal Rule of Bankruptcy Procedure 7009. *Michaels Bldg. Co.*, 848 F.2d at 679. Accordingly, the Debtor's Motion to Dismiss will be denied as it relates to § 727(a)(2).

**B**

The next basis for relief relied upon by the Plaintiff in the Complaint is § 727(a)(3) for failing to produce documentation "with enough information to ascertain [the Debtor's] financial condition

8

and track [his] financial dealings with substantial accuracy for a reasonable period past to present." *Wazeter v. Mich. Nat'l Bank (In re Wazeter)*, 209 B.R. 222, 227 (W.D. Mich. 1997) (quoting *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996) (citations omitted)).  This disclosure provides the trustee and creditors with sufficient information concerning the Debtor's financial history and current financial affairs, because "[c]reditors are not required to risk having the debtor withhold or conceal assets 'under the cover of a chaotic or incomplete set of books or records.'" *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992) (quoting *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir. 1990)).

Accordingly, creditors are not required to investigate and acquire a debtor's records, as it is the debtor's responsibility to provide sufficient information. *See Wazeter*, 209 B.R. at 227-28 (citing *Juzwiak*, 89 F.3d at 428).  The Plaintiff does, however, bear the initial burden of proof under § 727(a)(3) that the Debtor "has failed to maintain adequate books and records and that such failure renders it impossible to discern [his] true financial condition[.]" *Christy v. Kowalski (In re Kowalski)*, 316 B.R. 596, 601 (Bankr. E.D.N.Y. 2004).  If the Plaintiff proves that the Debtor's records are inadequate, the burden shifts to the Debtor to prove that his failure to maintain records was justified under the specific circumstances of his case. *Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 883 (B.A.P. 6th Cir. 1999).  Courts measure a debtor's records "against the type of books and records kept by a reasonably prudent debtor with the same occupation, financial structure, education, and experience." *Wazeter*, 209 B.R. at 227 (quoting *Wynn v. Wynn (In re Wynn)*, 205 B.R. 97, 101 (Bankr. N.D. Ohio 1997)).  Intent is not an element under § 727(a)(3). *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 901 (7th Cir. 2002).

Here, the court finds that the Amended Complaint does not state a claim upon which relief can be granted under § 727(a)(3). The Plaintiff avers that the Debtor has "concealed, destroyed, falsified, and/or failed to keep or preserve recorded information from which the Debtor's true financial condition or business transactions could be ascertained, without justification" by submitting a false Affidavit of Indigency to the Chancery Court for Sevier County, Tennessee, in a pending action and filing a quit claim deed purporting to transfer his interest in real property in Sevier County, Tennessee, even though he continues to live there. These actions, however, do not fall within the scope of § 727(a)(3). Since none of the elements of § 727(a)(3) can be proved based upon the Plaintiff's allegations, even in a light most favorable to the Plaintiff, the court finds that the Amended Complaint does not state a claim upon which relief can be granted under § 727(a)(3). The Debtor's Motion to Dismiss shall be granted as to this count.

### C

The Amended Complaint also avers that the Debtor should be denied his discharge under § 727(a)(4), expressly citing the statutory language of subsections (a)(4)(A) and (C). To satisfy subsection (A), the Plaintiff must prove: (1) the Debtor made a statement under oath; (2) that was false; (3) he knew that the statement was false when he made it; (4) he fraudulently intended to make the statement; and (5) the statement materially related to the bankruptcy case. 11 U.S.C.A. § 727(a)(4)(A); *Keeney*, 227 F.3d at 685; *Hendon v. Oody (In re Oody)*, 249 B.R. 482, 487 (Bankr. E.D. Tenn. 2000). Section 727(a)(4)(A) includes both affirmative false statements and omissions. *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004). Furthermore, statements

are material for the purposes of § 727(a)(4) if they "bear[] a relationship to the [debtor's] business transactions or estate, or concern[] the discovery of assets, business dealings, or the existence and disposition of property." *Keeney*, 227 F.3d at 686 (quoting *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)).

To satisfy subsection (a)(4)(C), the Plaintiff must "establish (a) knowledge and a fraudulent intent on the part of the debtor and (b) the giving of money for a promise of forbearance by the creditor." *Lohff v. Paxton (In re Paxton)*, 2006 WL 1582366, at *3; 2006 Bankr. LEXIS 972, at *9 (Bankr. N.D. Iowa May 30, 2006). Additionally, "[t]he conduct of the debtor under section 727(a)(4)(C) must be done 'in or in connection with the case' in which he is presently a debtor . . . ." *Adamo v. Ledvinka (In re Ledvinka)*, 144 B.R. 188, 191 (Bankr. M.D. Ga. 1992) (quoting 4 COLLIER ON BANKRUPTCY ¶ 727.06 (15th ed. 1992)).

Subsection (a)(4), like subsection (a)(2), is based upon fraudulent actions of a debtor. In the Amended Complaint, the Plaintiff avers that the Debtor failed to disclose his interest in a Pennsylvania nursing home in his statements and schedules. Taking the Amended Complaint in a light most favorable to the Plaintiff, the court finds that, with these facts pled by the Plaintiff, if true, he has sufficiently stated a claim upon which relief can be granted with respect to the Debtor's making of a false oath or account pursuant to § 727(a)(4)(A).[2] The Amended Complaint does not, however, state a claim upon which relief can be granted under § 727(a)(4)(C).

---

[2] The Plaintiff also avers in support of his § 727(a)(4)(A) action that the Debtor made a false oath in an Affidavit of Indigency filed in the Sevier County Chancery Court concerning his financial condition. Because this alleged false oath was not made "in connection with the case," *i.e.*, this bankruptcy case, it cannot form the basis of an action under § 727(a)(4)(A).

11

**D**

The Amended Complaint also avers that the Debtor "cannot satisfactorily explain, before determination of denial of discharge under 11 U.S.C. § 523(2)(5), the loss of assets or deficiency of assets to meet the Debtor's liabilities."[3] To be successful under § 727(a)(5), the Plaintiff must demonstrate that (1) at a time not too remote from the bankruptcy, the Debtor owned identifiable assets; (2) on the day that he commenced his bankruptcy case, the Debtor no longer owned those assets; and (3) his schedules and/or bankruptcy pleadings do not offer an adequate explanation for the disposition of those assets. *Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 279 (Bank. W.D. Ky. 1999); *see also Ernst v. Walton (In re Walton)*, 103 B.R. 151, 155 (Bankr. W.D. Ohio 1989). The burden then shifts to the Debtor to offer a satisfactory explanation of the whereabouts of the assets. *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 619 (11th Cir. 1984). The Plaintiff is not required to prove that the Debtor acted knowingly or fraudulently. *Walton*, 103 B.R. at 155.

To meet the initial burden of proof, the Plaintiff must show that the Debtor has disposed of identifiable assets without adequately explaining their disposition. In the Amended Complaint, the Plaintiff alleges that the Debtor quitclaimed his interest in real property located in Sevier County, Tennessee, valued at $416,000.00, to Ms. Cassity, without consideration. Taking the Plaintiff's allegations in a light most favorable to him, the court finds that he has alleged sufficient facts to meet his initial burden under § 727(a)(5), and thus, he has stated a claim upon which relief can be granted.

---

[3] Specifically, § 727(a)(5) provides for the denial of the discharge if "the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities[.]" 11 U.S.C. § 727(a)(5) (2005).

**E**

The Plaintiff has additionally requested that the court order the Chapter 7 trustee, pursuant to § 727(c)(2), to examine the acts and conduct of the Debtor to determine whether a ground exists for denying discharge. However, because the Chapter 7 trustee is not named as a party defendant in this adversary proceeding, the requested relief will be denied.

**F**

The Amended Complaint also avers that the Debtor "converted and fraudulently conveyed property willfully and maliciously to defeat the claim of Plaintiff[,]" that he "improperly disposed of assets [which were collateral for the Plaintiff's debt]," and "[t]he conversion and transfer of such property to Co-Defendant Cassity were intended to avoid and malign such interests of the Plaintiff." Based upon these allegations, the Plaintiff argues that the Judgment owed to him by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). In order to be successful under this subsection, the Plaintiff must prove the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury," *Kawaauhau v. Geiger*, 118 S. Ct. 974, 977 (1998), which requires that the Debtor either desired to cause the consequences of his actions, or he believed with reasonable certainty that such consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999); *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002).

"An act of conversion may constitute willful and malicious injury depending on whether or not the debtor intended to cause the harm or was substantially certain that such harm would occur." *Sweeney v. Lombardi (In re Lombardi)*, 263 B.R. 848, 853 (Bankr. S.D. Ohio 2001). Under Tennessee law, conversion is an intentional tort and requires proof that a party appropriated another's property for his own use, by exercising dominion and control in exclusion or defiance of the owner's right to use and benefit from the property. *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977).

Taking the Amended Complaint in a light most favorable to the Plaintiff, the court finds that he has not pled any facts sufficient to state a claim upon which relief may be granted under § 523(a)(6). The Plaintiff has not pled any facts to support a finding that the Debtor appropriated or otherwise exercised dominion and control over any property of the Plaintiff for his own use and to the exclusion of the Plaintiff. As such, the Debtor's Motion to Dismiss is well taken, and this count of the Amended Complaint shall be dismissed.

**IV**

Finally, the only allegations made with respect to Ms. Cassity are that she assisted the Debtor with his fraudulent scheme by "receiving the benefit of Debtor's managerial contributions to the Pennsylvania nursing home" in exchange for his living with her, by holding some of his income in her name, and by being the recipient of fraudulent transfers, including the Debtor's interest in the Sevier County, Tennessee real property where they live, which should be set aside. However, the Amended Complaint does not set forth any statutory or common law basis for a claim against Ms.

Cassity. The provisions of § 727 may only be asserted against a debtor in a Chapter 7 bankruptcy case and clearly do not apply to Ms. Cassity. Moreover, the Amended Complaint does not state any common law theory upon which the Plaintiff may assert a claim against Ms. Cassity. Instead, the Amended Complaint asks that the court set aside fraudulent conveyances made by the Debtor to Ms. Cassity, without basing this request for relief upon any foundation. Even the Adversary Proceeding Cover Sheet filed with the Complaint states that the cause of action is "[t]o object to discharge under 11 U.S.C. § 727."

Furthermore, the Plaintiff does not have standing to prosecute an avoidance action against Ms. Cassity. Based upon the clear wording of the various statutes concerning avoidance actions in bankruptcy, the only party with standing to do so in a Chapter 7 bankruptcy case is the Chapter 7 trustee. *See, e.g.,* 11 U.S.C. §§ 544, 545, 546, 547, 548, 549, 550 (2005); *Nangle v. Lauer (In re Lauer)*, 98 F.3d 378, 388 (8th Cir. 1996) ("[I]ndividual creditors of the bankruptcy estate do not have standing to assert claims of voidable transfers."). Accordingly, the Plaintiff has not stated any claim upon which relief may be granted against Ms. Cassity, and the Amended Complaint shall be dismissed as to her.

V

In summary, the court finds that the Amended Complaint filed by the Plaintiff on July 5, 2006, sufficiently pleads facts necessary to assert a claim against the Debtor under 11 U.S.C. § 727(a)(2), (4)(A), and (5). The Debtor's Motion to Dismiss shall accordingly be denied with respect to these counts. The Debtor's Motion to Dismiss shall be granted as to the Plaintiff's claims

grounded on § 727(a)(3), § 727(a)(4)(C), and § 523(a)(6).  Additionally, the Amended Complaint fails to state a claim against Ms. Cassity upon which relief can be granted under § 727 and § 523(a)(6), as relief under these sections of the Bankruptcy Code may only be asserted against a debtor.  Furthermore, insofar as the Amended Complaint seeks to set aside fraudulent conveyances alleged to have taken place between the Debtor and Ms. Cassity, the court finds that the Plaintiff does not have standing to pursue such an action in the Debtor's bankruptcy case.  Finally, as to the Plaintiff's request that the Chapter 7 trustee be directed to examine the acts and conduct of the Debtor pursuant to § 727(c)(2), the Amended Complaint will be dismissed because the court does not have jurisdiction over the trustee in this adversary proceeding.

An order consistent with this Memorandum will be entered.


FILED:  July 13, 2006

BY THE COURT

/s/  RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE